Action by John Bauer against Otto Eirich and another. Judgment of the municipal court affirmed by default, with costs.

BEARD, Respondent, v. BEARD et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 12, 1900.) Action by Emma C. Beard against William Beard and others. Judgment of the municipal court affirmed on argument, with costs.

BEAVER RIVER LUMBER CO., Respondent, v. ST. REGIS LEATHER CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 24, 1900.) Action by the Beaver River Lumber Company against the St. Regis Leather Company and Frank A. Cutting. No opinion. Judgment affirmed, with costs.

BEAVER RIVER LUMBER CO. v. ST. REGIS LEATHER CO. (Supreme Court, Appellate Division, Fourth Department. September 18, 1900.) Action by the Beaver River Lumber Company against the St. Regis Leather Company. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

BECKER, Respondent, v. WEIDENFELD et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 5, 1900.) Action by Peter W. Becker against Camille Weidenfeld, individually, and Thomas W. Lawson and Camille Weidenfeld, composing the firm of Lawson, Weidenfeld & Co. No opinion. Judgment affirmed on argument, with costs.

BECKWITH, Respondent, v. CHICAGO AGRICULTURAL IRON WORKS, Appellant. (Supreme Court, Appellate Division, First Department. July 17, 1900.) Action by Dean A. Beckwith against the Chicago Agricultural Iron Works. W. Sutphen, for appellant. J. H. Hildreth, for respondent. No opinion. Judgment affirmed, with costs.

BEECHER, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 17, 1900.) Action by Anna M. Beecher as executrix, etc., against the Long Island Railroad Company. No opinion. Motion for reargument denied.

BEECHER, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1900.) Action by Anna M. Beecher, as executrix, etc., against the Long Island Railroad Company. No opinion. Motion for leave to appeal to the court of appeals denied.

BEHRENBURG, Respondent, v. FUNK, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1900.) Action by Bernhardt Behrenburg against Jacob Funk. No opinion. Judgment of the municipal court affirmed, with costs.

BELL v. VALENTE. (Supreme Court, Appellate Term. November 7, 1900.) Action by Harry W. Bell against Gabrielle Valente. From a judgment of the general term (64 N. Y. Supp. 378) affirming judgment for plaintiff, defendant appeals. Affirmed.

PER CURIAM. Judgment and order affirmed, with costs.

BEREUTER, Respondent, v. MANHATTAN R. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 17, 1900.) Action by Caroline A. Bereuter, individually, etc., against the Manhattan Railroad Company. W. H. Godden, for appellant. W. G. Peckham, for respondent.

PER CURIAM. Judgment modified by reducing the amount awarded for fee damage to $1,000, and by reducing the amount allowed for rental damage to $200 per year, thus reducing the judgment as entered to $2,941.54, and, as thus modified, affirmed, without costs.

BERKOWITZ, Respondent, v. CONGREGATION STROPKOWER CHEBRA JOSEPH CLAIM ANSHEI SEPARD, Appellant. (City Court of New York, General Term. October 29, 1900.) Action by Morris Berkowitz against the Congregation Stropkower Chebra Joseph Claim Anshei Separd to recover the value of certain alterations and repairs to a building. From a judgment in favor of the plaintiff and an order denying a new trial, defendant appeals. Affirmed. Max Brown, for appellant. Paul Hellinger, for respondent.

CONLAN, J. The action was to recover the value of certain alterations and repairs to a building. Certain things which were to be done under the original contract were varied by a subsequent contract, and it is claimed by the plaintiff that under a still further agreement there were certain extras called for, which were required to be done in compliance with certain rules and regulations fixed by law. The defendant pleads nonperformance and alleges a counterclaim. The evidence is conflicting upon the question of extra work and upon the question of performance. In the charge to the jury the whole case was presented to them under all of the contracts and on all of the evidence, and the claims of the respective parties were fully explained. That the charge was eminently satisfactory to the parties is evidenced by the fact that no exception broad enough to cover any portion of the same was taken, and only reached to the form of language employed in certain requests made by the defendant. Upon an examination of the record we do not find any errors which call for an interference with the result reached by the jury, and the judgment and order appealed from should be affirmed, with costs.

FITZSIMONS, C. J., and HASCALL, J., concur.

BIEVING, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 5, 1900.) Action by Frederick Bieving